# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

HOWARD R. GREEN COMPANY, )
)
               Plaintiff, )
)
               v. ) No. 06-4166-CV-C-WAK
)
CAMDEN COUNTY, MISSOURI, )
)
               Defendant. )

## ORDER

In August 2006, plaintiff Howard R. Green Company brought this suit against defendant Camden County, Missouri, for breach of a contract addressing engineering services for collection and wastewater projects in Camden County, Missouri. The court's jurisdiction is based on diversity of citizenship of the parties under 28 U.S.C. § 1332(a).

Camden County requests dismissal of the action for plaintiff's failure to join indispensable parties whose joinder would defeat diversity jurisdiction. Alternatively, defendant requests the court to stay this case or abstain from exercising jurisdiction pending the outcome of a state court case related to the contract. Plaintiff responded in opposition to the motion.

Defendant asserts there are nondiverse individuals who are necessary parties to this case. It states "permitting this suit to continue in both state and federal court would likely subject the parties to conflicting legal obligations as prohibited by Rule 19(a)(2)(ii)." (Doc. 10 at 3.) Plaintiff counters that (1) this is a simple contract dispute between the parties to the contract, (2) the individuals mentioned by defendant are not necessary or indispensable parties, and (3) there is not a sufficient basis for this court to abstain from exercising jurisdiction.

In The Baker Group, L.C. v. Burlington Northern and Santa Fe Railway Company, 451 F.3d 484, 490 (8th Cir. 2006), the court discussed the issues to be considered when there is an allegation that indispensable parties have not been joined. The first issue is whether the absent parties must be joined, if doing so would not destroy the court's jurisdiction. If those parties are necessary parties, as defined by the rule, but joinder is not feasible, then additional factors are

weighed. The question is then "whether 'in equity and good conscience the action should proceed among the parties before it, or should be dismissed.' Rule 19(b) is a pragmatic rule whose application turns on consideration of efficiency and fairness in the particular case." The Baker Group, L.C. v. Burlington Northern and Santa Fe Railway Company, 451 F.3d at 490.

Because the ability to exercise subject matter jurisdiction is at issue, the court may go beyond the pleadings and examine affidavits and other documents. Doy Yee Enterprises (S) PTE, Ltd. v. Advantek, Inc., 149 F.R.D. 185, 187 (D. Minn. 1993).

Generally speaking, under Fed. R. Civ. P. 19(a), a person should be joined if (1) complete relief cannot be granted in his or her absence or (2) the person has an interest in the subject and disposition in his or her absence (a) would impair or impede his or her ability to protect that interest or (b) would leave parties in the lawsuit subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations. This is the "standard for joinder of persons necessary for just adjudication." Business Men's Assurance Company of America v. Lenke, 1987 WL 19231 (W.D. Mo. Oct. 13, 1987).

Defendant claims Jerry Gilmore, James Dickerson and the Lake Ozark Council of Local Governments (Council) are necessary parties for purposes of the dispute in this case. Defendant states plaintiff failed to properly document invoices and to comply with certain terms of the contract, resulting in problems with an EPA grant used to fund a considerable portion of the projects. To become re-eligible for payments under the grant, defendant was required to terminate the contract with plaintiff and with Council. Defendant claims the nonjoined, necessary parties acted in concert with plaintiff and therefore, plaintiff's "actions are imputable to the absent parties with respect to issues regarding the EPA grant and any fraud perpetrated to secure payment from Camden County and the EPA by [plaintiff] and the absent parties." (Doc. 9 at 12.)

The main issue in this case and one of the issues in the later-filed state court case is whether a breach occurred and who breached the contract. Defendant states the resolution of that issue in this case, and a determination of whether a fraud was committed upon defendant and the EPA, will impact the issues and parties in the state court case. While it is desirable for Gilmore, Dickerson and Council to be joined as defendants in this lawsuit, it is not feasible because their presence would defeat diversity jurisdiction.

2

"When a party cannot be joined because its joinder destroys diversity, the court must determine whether the proceeding can continue in its absence, or whether it is indispensable pursuant to Rule 19(b) and the action must be dismissed." Owens-Illinois, Inc. v. Meade, 186 F.3d 435, 440 (4th Cir. 1999). "An 'indispensable party' is one whose interest in the controversy is of such a nature that a final decree cannot be made without affecting that interest, or leaving the controversy in such a condition that its final termination may be inconsistent with equity and good conscience." Business Men's Assurance Company of America v. Lenke, 1987 WL 19231 (citing Lumbermen's Mutual Casualty Co. v. Elbert, 348 U.S. 48, 52 (1954)).

The initial consideration is to what extent a judgment entered in the absence of the additional parties might be prejudicial to them or to the current parties. Defendant asserts the same contract is at issue in both the state and federal cases, but the state case addresses the issues in light of the totality of the circumstances and not in isolation. Thus, opposite or inconsistent conclusions might easily occur.

The second factor for consideration is what can be done in the instant case to avoid or lessen the prejudice. In other words, are there protective provisions, a way of shaping the judgment, or other measures which would protect the joined and nonjoined parties. Here, the parties have not suggested any provision or other measure which would avoid or reduce the prejudice, and defendant asserts the court cannot fashion a remedy that would not potentially prejudice one of the parties in the state suit. Plaintiff suggests that defendant could bring a third-party claim with permission from the court, but it is not clear that all of the issues raised in the state proceeding could be pled as a third-party claim. More importantly, no suggestion has been made on how to avoid inconsistent verdicts if the parties are not all in the same case and the facts are not considered in their totality.

The third factor is the adequacy of a judgment rendered in the person's absence. Although plaintiff would like this case to go forward as a simple breach of contract without inclusion of the total circumstances and parties giving rise to the breach, a judgment rendered without those considerations might be inadequate and it would be premature to decide otherwise at this stage of the proceedings.

3

The final factor is whether plaintiff will have an adequate remedy if this case is dismissed. Insofar as the breach-of-contract claim can be litigated in the state court proceeding, plaintiff has an adequate remedy.

The rule requires the court to consider whether, in equity and good conscience, the action should proceed with the parties before it or should be dismissed because the absent parties are indispensable. After reviewing the relevant facts and the parties' suggestions in light of the requirements of Fed. R. Civ. P. 19 and case law, the court finds that the absent parties are indispensable. Given the allegation that plaintiff and nonparties acted fraudulently in concert with regard to contract-related issues, this case should not proceed on an isolated breach-of-contract complaint with only plaintiff and defendant as parties.

Accordingly, it is

ORDERED that defendant's motion of September 26, 2006 to dismiss for failure to join indispensable parties is granted and this case is dismissed. [9]

Dated this 28th day of November, 2006, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge